Geeen, J.
delivered the opinion of the court.
This is an action of trover, brought by the plaintiff to recover the value of a negro slave alledged to have been the property of the testator, and to have been converted by the defendant after his death. The court permitted declarations and admissions of the plaintiff made after he became executor to be given in evidence. In this there was no error. A trustee, holding the legal title to the property, standing in a fiduciary relation to the cestui que trust, and liable for costs in the suit, cannot be presumed to make admissions adverse to the interests of those for whom he acts, 2 Starkie Ev. 22; Greenleai’s Ev. 211.
In this case all that the court decided was that evidence of the plaintiff’s admissions was competent testimony, for the reason that the law did not presume that he would make admissions adverse to the interests of his testator’s estate. The *473 language of the court could not have been understood as meaning, that however clearly the whole evidence in the cause might show that the plaintiff had been mistaken, or that his admission had been misunderstood — they were to regard those admissions as conclusive against him.
But it is said the language of the court would imply that the admissions of a party made before he became executor, would be evidence with regard to the property of the testator.
We think no such inference is deducible from the language of the court. The jury were told that the admissions of an executor were evidence with regard 'to the property of his testator. This language distinctly announces that the admissions must be made by a party who at that time is executor. All the evidence shows that Helm made the admissions, which were proved, after he became executor. Let the judgment be affirmed.